IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LIBERTY SURPLUS INSURANCE CORPORATION, | : | CASE NO. 1:22-cv-00259 |
| | : | (Judge Christopher A. Boyko) |
|     Plaintiff and Counterclaim-Defendant, | : | |
| v. | : | **ANSWER OF AM INDUSTRIAL GROUP, LLC AND COUNTERCLAIMS OF AM INDUSTRIAL GROUP, LLC AGAINST LIBERTY SURPLUS INSURANCE CORPORATION AND MICHAEL A. SANTOLI INSURANCE AGENCY, LLC** |
| AM INDUSTRIAL GROUP, LLC, | : | |
|     Defendant and Counterclaim-Plaintiff, | : | |
| | : | |
|   and | : | |
| CUSTOM PERFORMANCE ENGINEERING, INC., | : | **(WITH JURY DEMAND)** |
|     Defendant, | : | |
| v. | : | |
| MICHAEL A. SANTOLI INSURANCE AGENCY, LLC, | : | |
|     Counterclaim-Defendant. | : | |

_____

Defendant AM Industrial Group, LLC ("AMI" or "Defendant") responds to

Liberty Surplus Insurance Corporation's ("Liberty") Complaint for Declaratory Judgment

("Complaint") as follows:

The introductory paragraphs of the Complaint are an incomplete, and therefore inaccurate, recitation of the facts underlying this action.  Furthermore, the introductory paragraphs state legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in the introductory paragraphs unless the allegations contained therein are expressly and specifically admitted below.

### The Parties and Jurisdiction

1.      Defendant denies the allegations in Paragraph 1 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

2.      Defendant admits the allegations in Paragraph 2 of the Complaint.

3.      Defendant denies the allegations in Paragraph 3 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

4.      Defendant admits the allegations in Paragraph 4 of the Complaint that this Court may exercise personal jurisdiction over AMI.

5.      Defendant denies the allegations in Paragraph 5 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

6.      Defendant admits the allegations in Paragraph 6 of the Complaint.

7.      Defendant admits the allegations in Paragraph 7 of the Complaint.

### Factual Background – The Underlying Complaint

8.      Defendant admits the allegations in Paragraph 8 of the Complaint.

9.      Defendant admits the allegation in Paragraph 9 of the Complaint that Exhibit A is a copy of the Underlying Complaint.

10.     The allegations within the Underlying Complaint referenced in Paragraph 10 of the Complaint speak for themselves.  Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11.     The allegations within the Underlying Complaint referenced in Paragraph 11 of the Complaint speak for themselves.  Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12.     The allegations within the Underlying Complaint referenced in Paragraph 12 of the Complaint speak for themselves.  Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13.     The allegations within the Underlying Complaint referenced in Paragraph 13 of the Complaint speak for themselves.  Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14.     The allegations within the Underlying Complaint referenced in Paragraph 14 of the Complaint speak for themselves.  Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

**Factual Background – The CGL**

15.     Defendant admits the allegations in Paragraph 15 of the Complaint.

16.     The provisions of the CGL referenced in Paragraph 16 of the Complaint speak for themselves.  Defendant denies that Michael A. Santoli Insurance Agency, LLC, acted

as AMI's broker.  Michael A. Santoli Insurance Agency, LLC is an agent of Liberty.  Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17.  The provisions of the CGL referenced in Paragraph 17 of the Complaint speak for themselves.  Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18.  The provisions of the CGL referenced in Paragraph 18 of the Complaint speak for themselves.  Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19.  The provisions of the CGL and the allegations within the Underlying Complaint referenced in Paragraph 19 of the Complaint speak for themselves.  Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20.  The provisions of the CGL referenced in Paragraph 20 of the Complaint speak for themselves.  Defendant admits the allegations in Paragraph 20 of the Complaint.

21.  The provisions of the CGL referenced in Paragraph 21 of the Complaint speak for themselves.  Defendant admits the allegations in Paragraph 21 of the Complaint.

22.  The provisions of the CGL referenced in Paragraph 22 of the Complaint speak for themselves.  Defendant admits the allegations in Paragraph 22 of the Complaint.

23.  The provisions of the CGL referenced in Paragraph 23 of the Complaint speak for themselves.  Defendant admits the allegations of Paragraph 23 of the Complaint.

24.     The provisions of the CGL referenced in Paragraph 24 of the Complaint speak for themselves.  Defendant admits the allegations of Paragraph 24 of the Complaint.

25.     The provisions of the CGL referenced in Paragraph 25 of the Complaint speak for themselves.  Defendant admits the allegations of Paragraph 25 of the Complaint.

26.     The provisions of the CGL referenced in Paragraph 26 of the Complaint speak for themselves.  Defendant admits the allegations of Paragraph 26 of the Complaint.

**Factual Background – The Claim**

27.     Exhibit C referenced in Paragraph 27 of the Complaint speaks for itself. Defendant denies the remaining allegations of Paragraph 27 of the Complaint.

28.     Exhibit C referenced in Paragraph 28 of the Complaint speaks for itself. Defendant denies the remaining allegations of Paragraph 28 of the Complaint.

29.     Exhibit C referenced in Paragraph 29 of the Complaint speaks for itself. Defendant denies the remaining allegations of Paragraph 29 of the Complaint

30.     Exhibit D referenced in Paragraph 30 of the Complaint speaks for itself. Defendant denies the remaining allegations of Paragraph 30 of the Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

32.     Exhibit E referenced in Paragraph 32 of the Complaint speaks for itself. Defendant denies the remaining allegations of Paragraph 32 of the Complaint.

33.     Exhibit E referenced in Paragraph 33 of the Complaint speaks for itself. Defendant denies the remaining allegations of Paragraph 33 of the Complaint.

34.     Exhibit F referenced in Paragraph 34 of the Complaint speaks for itself. Defendant denies the remaining allegations of Paragraph 34 of the Complaint.

35.     Exhibit F referenced in Paragraph 35 of the Complaint speaks for itself. Defendant denies the remaining allegations of Paragraph 35 of the Complaint.

36.     Exhibit G referenced in Paragraph 36 of the Complaint speaks for itself. Defendant denies the remaining allegations of Paragraph 36 of the Complaint.

37.     Exhibit G referenced in Paragraph 37 of the Complaint speaks for itself. Defendant denies the remaining allegations of Paragraph 37 of the Complaint.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

39.     Defendant denies that Michael A. Santoli Insurance Agency, LLC, operated as AMI's agent.  Michael A. Santoli Insurance Agency, LLC is an agent of Liberty. Defendant denies the remaining allegations in Paragraph 39 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

40.     Defendant admits the allegations in Paragraph 40 of the Complaint.

41.     Defendant admits the allegations in Paragraph 41 of the Complaint.

42.     Defendant admits the allegations in Paragraph 42 of the Complaint.

6

43.     The allegations in Paragraph 43 of the Complaint are an incomplete, and thus inaccurate, recitation of the facts and Defendant therefore denies them.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     The allegations in Paragraph 45 of the Complaint are an incomplete, and thus inaccurate, recitation of the facts and Defendant therefore denies them.

## Count I – Declaratory Judgment – Duty to Defend

46.     Defendant incorporates its responses to the allegations in Paragraphs 1 through 45 of the Complaint of the Complaint as if fully set forth herein.

47.     Defendant admits the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint states a request from the Court to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 54 of the Complaint.

**Count II – Declaratory Judgment – Duty to Indemnify**

55.     Defendant incorporates its responses to the allegations in Paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56.     Defendant admits the allegations in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations in Paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint states a request from the Court to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 63 of the Complaint.

**Count III – Declaratory Judgment – Bad Faith**

64.     Defendant incorporates its responses in Paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65.     Defendant admits the allegations in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint states a request from the Court to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 63 of the Complaint.

Defendant denies that it is liable to Plaintiff for each and every request for relief set forth in the WHEREFORE clause of the Complaint.

### ADDITIONAL DEFENSES

Without admitting any of the allegations in the Complaint and without admitting or acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the following additional defenses.  Defendant intends to rely on any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and reserves the right to amend this Answer in order to assert all such further defenses.

### GENERAL DENIAL

Any and all allegations of Plaintiff that have not been specifically admitted are denied.

### FIRST ADDITIONAL DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE

Each and every alleged right to recovery under Plaintiff's agreements with Defendant is barred by the doctrine of unclean hands.

## THIRD ADDITIONAL DEFENSE

Each and every alleged right to recovery under Plaintiff's agreements with

Defendant was waived, released, or estopped by Plaintiff's acts, omissions, and representations to

Defendant.

## FOURTH ADDITIONAL DEFENSE

Plaintiff has not suffered any injury or damage by reason of any conduct of

Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that this Court:

A.      Dismiss Plaintiff's Complaint with prejudice and deny Plaintiff any and all relief requested in the Complaint;

B.      Enter judgment in favor of Defendant;

C.      Award Defendants their attorney fees and costs of suit incurred in defense of the Complaint; and

D.      Award Defendants such other relief as this Court deems appropriate.

## COUNTERCLAIMS OF DEFENDANT AND
## COUNTERCLAIM-PLAINTIFF AM INDUSTRIAL GROUP, LLC

### (WITH JURY DEMAND)

Defendant and Counterclaim-Plaintiff AM Industrial Group, LLC ("AMI") incorporates by reference its Answer and defenses set forth above and further asserts the following Counterclaims against Plaintiff and Counterclaim-Defendant Liberty Surplus Insurance Corporation ("Liberty") and Counterclaim-Defendant Michael A. Santoli Insurance Agency, LLC ("Santoli") (collectively, "Counterclaim-Defendants"):

### PARTIES

1.     Counterclaim-Plaintiff AMI is a limited liability company incorporated in Ohio with its principal place of business at 16000 Commerce Park Drive, Brook Park, Ohio.

2.     On information and belief, Counterclaim-Defendant Liberty is an insurance company incorporated in New Hampshire with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

3.     Counterclaim-Defendant Santoli is an insurance agency incorporated in Ohio and registered to do business at 8251 Mayfield Road, Suite 210, Chesterland, Ohio.

### JURISDICTION AND VENUE

4.     AMI incorporates Paragraphs 1 and 3 of the Counterclaim as if fully set forth herein.

5.     AMI's counterclaims arise under the laws of the state of Ohio. The jurisdiction of this Court is proper under at least 28 U.S.C. §§ 1332 and 1367.

11

6.     Liberty has consented to the personal jurisdiction of this Court by filing its Complaint for Declaratory Judgment.

7.     This Court has personal jurisdiction over Santoli because Santoli is incorporated in Ohio and has its principal place of business in Ohio.

8.     Venue is proper in this Court pursuant to at least 28 U.S.C. § 1391.

## LIBERTY OWED A DUTY OF GOOD FAITH TO AMI

9.     AMI incorporates Paragraphs 1 through 8 of the Counterclaim as if fully set forth herein.

10.    Liberty issued a Commercial General Liability insurance policy to AMI ("Policy").

11.    Liberty issued the Policy via Santoli, its authorized insurance agent.

12.    At all times AMI performed in accordance with the Policy.

13.    As AMI's insurer, Liberty owed AMI a duty of good faith and fair dealing with regard to the processing, representation, payment, satisfaction, and settlement of AMI's claims.

14.    As an agent operating on behalf of a disclosed principal, Santoli's conduct with regard to AMI was imputable to Liberty.

15.    AMI received a copy of Custom Performance Engineering's Complaint (the "South Carolina Complaint") from AMI's then-counsel ("Reminger") via email on June 14, 2021.

16.     The June 14 email from counsel was sent via a Reminger Co., LPA email address and counsel's electronic signature included the honorific "Esq." and the firm name.

17.     In compliance with the Policy, the following day AMI forwarded the same email to Santoli to notify AMI's insurer of the occurrence of a claim triggered by the South Carolina Complaint (the "Claim").

18.     As of June 15, 2021, Santoli was on notice that AMI had legal counsel.

19.     If Liberty's Policy did not cover the Claim, then the Claim would have been covered by a later policy issued by Grange Insurance Company.

20.     On June 15, 2021, Santoli represented to AMI that "[i]f anything needs done, it would fall under the prior Liberty Mutual liability policy" as opposed to the policy AMI maintained with Grange Insurance Company.

21.     Santoli notified Liberty of the Claim on June 16, 2021, by forwarding the same email.

22.     As of June 16, 2021, Liberty was on notice that AMI had legal counsel.

23.     Santoli failed to notify Grange Insurance Company of the Claim.

24.     As of June 16, 2021, AMI's Answer to the South Carolina Complaint was due on or before July 9, 2021.

25.     On June 25, 2021, Liberty emailed Santoli and AMI to formally acknowledge receipt and notice of the Claim.

26.     The June 25 email indicated that Liberty had assigned a claim number to the Claim.

27.     The June 25 email also indicated that Liberty had begun "reviewing the [C]laim to evaluate coverage/liability" and requested additional information from AMI.

28.     AMI provided the requested information to Liberty and otherwise cooperated with Liberty's review.

29.     Finally, in the June 25 email Liberty also represented that it had assumed responsibility for managing AMI's response to the Claim by notifying AMI that "As mentioned yesterday, **I had reached out to Plaintiff's attorney requesting an extension to answer the Complaint.  I will confirm once I received the extension**" (emphasis added).

30.     Liberty took the affirmative step of communicating directly with Custom Performance Engineering's ("Custom Performance") counsel to request an extension despite Liberty's notice of AMI's pre-existing relationship with Reminger.

31.     AMI understood that Liberty had assumed responsibility for defending AMI's interests with regard to the South Carolina Complaint as a result of Liberty's conduct in acknowledging receipt of the Claim, assigning a claim number, requesting additional information, and assuming responsibility for communicating with opposing counsel regarding the Answer deadline.

## LIBERTY AND SANTOLI FAILED TO NOTIFY AMI OF IMPORTANT DEADLINES WITHOUT REASONABLE JUSTIFICATION

32.　　AMI incorporates by reference the allegations in Paragraphs 1 through 31 of the Counterclaim as if fully set forth herein.

33.　　Liberty's Complaint for Declaratory Judgment ("Liberty Complaint") alleges that "[o]n June 28, 2021… Liberty secured from Custom Performance's counsel an extension of time for AM Industrial to respond to the [South Carolina Complaint] through August 9, 2021."  Liberty Complaint, ¶ 31.

34.　　Prior to being served with the Liberty Complaint, AMI was not aware that Custom Performance had consented to an extension as of June 28, 2021.

35.　　In fact, Liberty never informed AMI that any extension had ever been granted.

36.　　On August 3, 2021, Liberty informed Santoli that Liberty had concluded the Claim was not covered under the Policy.

37.　　Also on August 3, 2021, Liberty disclosed, for the first time, solely to Santoli, that "[t]he plaintiff counsel has provided an extension to answer the complaint which is due 08/09/21."

38.　　Liberty had been aware of the extension for more than 30 days before disclosing the same to Santoli on August 3, 2021.

39.　　On August 3, 2021, less than 30 minutes after notifying Santoli about the extension, Liberty also notified AMI directly of Liberty's denial of coverage.

40.     On August 3, 2021, Liberty did not disclose to AMI the extension or the impending deadline to Answer the South Carolina Complaint.

41.     Santoli did not disclose to AMI the extension or the impending deadline to Answer the South Carolina Complaint.

42.     On August 4, 2021, AMI's president asked Liberty about its coverage position.  AMI's president included Santoli and Reminger on this communication.

43.     AMI's president received an automatic email response from Liberty indicating that AMI's point of contact at Liberty was out of the office with "no access to email" until August 5, 2021.

44.     Santoli emailed AMI's president on August 4 representing that "I will touch base with you tomorrow morning regarding this matter, so we can put our heads together on this matter."

45.     Santoli never indicated that AMI should seek coverage from Grange Insurance Company, even though the insurance policy from Grange imposed a timely notification requirement.

46.     Again, both Liberty and Santoli declined to notify either AMI or Reminger that a response to the South Carolina Complaint was due in less than a week.

## LIBERTY AND SANTOLI'S FAILURE TO DISCLOSE THE ANSWER DEADLINE CAUSED AMI TO MISS THE ANSWER DEADLINE AND TO INCUR UNNECESSARY DAMAGES

47.     AMI incorporates by reference the allegations in Paragraphs 1 through 46 of the Counterclaim as if fully set forth herein.

48.     Having never been notified about the August 9, 2021 deadline, AMI failed to timely Answer the South Carolina Complaint.

49.     Custom Performance filed a Motion for an Entry of Default on August 12, 2021.

50.     An Entry of Default was ordered on August 18, 2021.

51.     Custom Performance filed a Motion for Default Judgment that same day.

52.     AMI filed a Motion to Set Aside the Entry of Default on September 8, 2021.

53.     AMI's Motion to Set Aside the Entry of Default was denied on September 28, 2021.

54.     The Order denying the Motion stated in part that "[i]n this case it has been made to appear that the defendant upon being served, delivered the summons and complaint to its insurance carrier.  The carrier was given an extension of time to respond and failed to take the necessary action to respond to the lawsuit and was therefore negligent in protecting the defendant's interests."  September 28, 2021 Order Denying Motion to Set Aside Entry of Default, attached as Exhibit 1.

55.     However, the Motion to Set Aside the Entry of Default was denied because "[t]he courts of this state have consistently held that the negligence of an attorney or insurance company is imputable to a defaulting litigant."  Exhibit 1.

56.     Following denial of AMI's Motion the matter was referred for a hearing on damages.

57.     Pursuant to South Carolina law, because of its default AMI was precluded from calling witnesses or introducing evidence at the hearing on damages.

58.     Though the dispute underlying the South Carolina Complaint was the sale of a piece of machinery for $132,000.00, AMI was ultimately ordered to pay Custom Performance $398,667.80.  February 21, 2022 Order on Damages, attached as Exhibit 2.

## FIRST CLAIM FOR RELIEF
### (BAD FAITH - LIBERTY)

59.     AMI incorporates by reference the allegations in Paragraphs 1 through 58 of the Counterclaim as if fully set forth herein.

60.     As AMI's insurer, Liberty owed AMI a duty of good faith and fair dealing.

61.     Liberty breached its duty of good faith and fair dealing to AMI by assuming responsibility for securing an extension of the deadline to answer the South Carolina Complaint and failing to notify AMI of the extension or amended deadline.

62.     Liberty breached its duty of good faith and fair dealing to AMI by failing to defend AMI pursuant to the Policy after it assumed responsibility for securing an extension of the deadline to answer the South Carolina Complaint.

63.     Liberty breached its duty of good faith and fair dealing to AMI by failing to notify AMI that Custom Performance had consented to a deadline extension on June 28, 2021.

64.     Liberty breached its duty of good faith and fair dealing to AMI by informing Santoli of the deadline extension but failing to notify AMI directly.

65.     Liberty breached its duty of good faith and fair dealing to AMI by failing to notify anyone of the deadline extension for 36 days.

66.     Liberty breached its duty of good faith and fair dealing to AMI by providing AMI with its decision denying coverage six days before the amended deadline without also notifying AMI about the extension or amended deadline.

67.     Liberty breached its duty of good faith and fair dealing to AMI by declining to notify AMI or Reminger about the extension or amended deadline on August 4, 2021, when AMI's president connected Liberty and Reminger via email.

68.     Liberty's breach of the duty of good faith and fair dealing proximately caused damage to AMI by causing AMI to fail to timely answer the South Carolina Complaint, thereby waiving AMI's ability to challenge its liability to Custom Performance.

69.     Liberty's breach of the duty of good faith and fair dealing proximately caused damage to AMI by forcing AMI to incur legal fees to litigate AMI's Motion to Set Aside Default Judgment.

70.     Liberty's breach of the duty of good faith and fair dealing proximately caused damage to AMI by precluding AMI from obtaining an order setting aside the Default Judgment because under South Carolina law the negligence of an insurer is imputed to the insured for purposes of litigating an entry of default.

71.     Liberty's breach of the duty of good faith and fair dealing proximately caused damage to AMI by precluding AMI from entering evidence or calling witnesses at the damages hearing in South Carolina.

72.     Liberty's breach of the duty of good faith and fair dealing proximately caused damage to AMI by causing AMI to incur nearly $400,000.00 in liability on a claim for a $132,000.00 piece of machinery.

73.     Liberty's breach of the duty of good faith and fair dealing proximately caused damage to AMI by forcing AMI to incur legal fees to appeal the Order denying AMI's Motion to Set Aside Default Judgment.

## SECOND CLAIM FOR RELIEF
### (NEGLIGENT MISREPRESENTATION - SANTOLI)

74.     AMI incorporates by reference the allegations in Paragraphs 1 through 73 of the Counterclaim as if fully set forth herein.

75.     As Liberty's agent, Santoli's actions in facilitating and securing the Policy, and processing and representing AMI with regard to the Claim, were made in the course of Santoli's business, profession, or employment.

76.     Santoli maintained a pecuniary interest in the Policy and the Claim.

77.     Santoli failed to exercise reasonable care or competence in communicating information to AMI regarding the Policy and the Claim.

78.     Santoli failed to exercise reasonable care or competence in communicating information to AMI when Santoli represented that Liberty was the only insurer potentially responsible for the Claim.

79.     Santoli failed to exercise reasonable care or competence in communicating information to AMI when Santoli represented to AMI's president that he would facilitate the next steps for securing insurance coverage for AMI.

80.     Santoli's statements to AMI led AMI to believe that Liberty was the only appropriate entity from which AMI could request insurance coverage for the Claim.

81.     Santoli's statements to AMI led AMI to believe that there was no impending deadline to file an Answer to the South Carolina Complaint.

82.     AMI reasonably relied on Santoli's statements.

83.     AMI reasonably relied on Santoli's statements by not filing an Answer to the South Carolina Complaint.

84.     AMI's reliance on Santoli's statements proximately caused damage to AMI by causing AMI to fail to secure insurance coverage for the Claim from Grange Insurance Company.

85.     AMI's reliance on Santoli's statements proximately caused damage to AMI by causing AMI to fail to timely answer the South Carolina Complaint, thereby waiving AMI's ability to challenge its liability to Custom Performance.

86.     AMI's reliance on Santoli's statements proximately caused damage to AMI by forcing AMI to incur legal fees to litigate AMI's Motion to Set Aside Default Judgment.

87.     AMI's reliance on Santoli's statements proximately caused damage to AMI by precluding AMI from obtaining an order setting aside the Default Judgment because under South Carolina law the negligence of an insurer is imputed to the insured for purposes of litigating an entry of default.

88.     AMI's reliance on Santoli's statements proximately caused damage to AMI by precluding AMI from entering evidence or calling witnesses at the damages hearing in South Carolina.

89.     AMI's reliance on Santoli's statements proximately caused damage to AMI by causing AMI to incur nearly $400,000.00 in liability on a claim for $132,000,00 piece of machinery.

90.     AMI's reliance on Santoli's statements proximately caused damage to AMI by forcing AMI to incur legal fees to appeal the Order denying AMI's Motion to Set Aside Default Judgment.

**THIRD CLAIM FOR RELIEF**
**(NEGLIGENCE – ALL COUNTERCLAIM-DEFENDANTS)**

91.     AMI incorporates by reference the allegations in Paragraphs 1 through 90 of the Counterclaim as if fully set forth herein.

92.     At all relevant times Santoli acted as an agent on behalf of Liberty within the scope of his actual or apparent authority.

93.     As an agent contracting with AMI on behalf of Liberty, Santoli was required to notify Liberty of the Claim, to provide necessary information to Liberty and AMI, to cooperate with Liberty and AMI, and to act in good faith on behalf of AMI.

94.     Santoli breached its duties to AMI by misrepresenting that AMI's only method for securing insurance coverage was via Liberty, despite the potential availability of coverage from Grange Insurance Company.

95.     Santoli breached its duties to AMI by failing to notify Grange Insurance Company of the Claim.

96.     Santoli breached its duties to AMI by failing to notify AMI that Custom Performance had consented to a deadline extension.

97.     Santoli's breach of duties proximately caused damage to AMI by causing AMI to fail to secure insurance coverage for the Claim from Grange Insurance Company.

98.     Santoli's breach of duties proximately caused damage to AMI by causing AMI to fail to timely answer the South Carolina Complaint, thereby waiving AMI's ability to challenge its liability to Custom Performance.

99.     Santoli's breach of duties proximately caused damage to AMI by forcing AMI to incur legal fees to litigate AMI's Motion to Set Aside Default Judgment.

100.     Santoli's breach of duties proximately caused damage to AMI by precluding AMI from obtaining an order setting aside the Default Judgement because under

South Carolina law the negligence of an insurer is imputed to the insured for purposes of litigating an entry of default.

101.    Santoli's breach of duties proximately caused damage to AMI by precluding AMI from entering evidence or calling witnesses at the damages hearing in South Carolina.

102.    Santoli's breach of duties proximately caused damage to AMI by causing AMI to incur nearly $400,000.00 in liability on a claim for a $132,000.00 piece of machinery.

103.    Santoli's breach of duties proximately caused damage to AMI by forcing AMI to incur legal fees to appeal the Order denying AMI's Motion to Set Aside Default Judgment.

104.    Liberty identifies Santoli as its agent on Liberty's website.

105.    Santoli acted as Liberty's agent in facilitating and securing the Policy.

106.    Santoli acted as Liberty's agent in notifying Liberty of the Claim.

107.    As the disclosed principal for whom Santoli was acting as agent, Liberty is responsible for Santoli's tortious misconduct.

108.    As the disclosed principal for whom Santoli was acting as agent, Liberty is vicariously liable to AMI for Santoli's tortious misconduct in failing to notify AMI that Custom Performance had consented to a deadline extension.

**FOURTH CLAIM FOR RELIEF**
**(UNJUST ENRICHMENT - LIBERTY)**

109.    AMI incorporates by reference the allegations in Paragraphs 1 through 108 of the Counterclaim as if fully set forth herein.

110.    AMI conferred a benefit on Liberty by paying insurance premiums and otherwise complying with the Policy.

111.    Liberty had knowledge of and accepted the benefits AMI conferred upon Liberty by accepting AMI's payments.

112.    Liberty has unjustly retained the benefit of AMI's compliance with the terms of the Policy by failing to comply with its corresponding duty of good faith and fair dealing pursuant to the Policy.

**FIFTH CLAIM FOR RELIEF**
**(UNJUST ENRICHMENT – SANTOLI)**

113.    AMI incorporates by reference the allegations in Paragraphs 1 through 112 of the Counterclaim as if fully set forth herein.

114.    AMI conferred a benefit on Santoli by executing the Policy with Liberty, paying insurance premiums, and otherwise complying with the Policy in exchange for insurance coverage.

115.    Santoli had knowledge of and accepted the benefits AMI conferred upon Santoli by executing the Policy, complying with the Policy, and paying insurance premiums.

116.    Santoli has unjustly retained the benefit of AMI's payments and other compliance with the terms of the Policy by failing to comply with its duties to AMI.

WHEREFORE, on its Counterclaims, AMI asks this Court to:

A.      Enter judgment in favor of AMI;

B.      Enter judgment against Liberty and Santoli and award compensatory
        damages in the amount of $398,667.80 and punitive damages;

C.      Award AMI pre- and post-judgment interest;

D.      Award AMI its attorney fees and costs in this action;

E.      Award AMI such further relief as this Court deems just and proper.

## JURY DEMAND

Defendant and Counterclaim-Plaintiff AM Industrial Group, LLC demands trial by jury on all claims, counterclaims, and defenses so triable in this action.

/s/ Brian D. Wright
Brian D. Wright

Respectfully submitted,

/s/ Brian D. Wright
Brian D. Wright (0075359)
  Trial Attorney
Jason W. Palmer (0088336)
FARUKI PLL
110 North Main Street
Suite 1600
Dayton, OH 45402
Telephone: (937) 227-9910
Fax: (937) 227-3717
Email: bwright@ficlaw.com
        jpalmer@ficlaw.com

Attorneys for Defendant and Counterclaim-
Plaintiff AM Industrial Group, LLC

## CERTIFICATE OF SERVICE

I certify that on the 4th day of April, 2022, I electronically filed the foregoing Answer of AM Industrial Group, LLC and Counterclaims of AM Industrial Group, LLC Against Liberty Surplus Insurance Corporation and Michael A. Santoli Insurance Agency, LLC (With Jury Demand) with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants:

William M. Harter
Caitlin E. Vetter
FROST BROWN TODD LLC
10 West Broad Street
Suite 2300
Columbus, OH 43215
wharter@fbtlaw.com
cvetter@fbtlaw.com

Attorneys for Plaintiff
Liberty Surplus Insurance Corporation


Kristin L. Wedell
Dickie, McCamey & Chilcote, P.C.
600 Superior Avenue East
Fifth Third Center, Suite 2330
Cleveland, Ohio 44114
kwedell@dmclaw.com

Adam C. Bach *(Pro Hac Vice Pending)*
ELLER TONNSEN BACH
1306 S. Church Street
Greenville, SC 29605

Attorneys for Custom Performance Engineering, Inc.

David M. Santoli
8251 Mayfield Road
Suite 210
Chesterland, OH  44026

Registered Agent for Michael A. Santoli Insurance Agency, LLC

/s/ Jason W. Palmer
Jason W. Palmer

1551916.1