UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LIBERTY SURPLUS INSURANCE,** ) | CASE NO. 1:22CV259 |
| ) | |
| Plaintiff, ) | SENIOR JUDGE |
| ) | CHRISTOPHER A. BOYKO |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **AM INDUSTRIAL GROUP, LLC, et al.,** ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter comes before the Court upon the Motion (ECF DKT #34) of Defendants Reminger Co., L.P.A. and John Patrick, Esq. to Dismiss Amended Counterclaims of AM Industrial Group, LLC. For the following reasons, the Motion is denied.

**I. FACTUAL BACKGROUND**

Counterclaim-Plaintiff AM Industrial Group, LLC ("AMI") is in the business of manufacturing, refurbishing and distributing industrial equipment and machinery. Counterclaim-Defendant Reminger Co., L.P.A. ("Reminger") is a law firm organized as a professional corporation under the laws of the State of Ohio with its headquarters in Cleveland. Counterclaim-Defendant John Patrick is an attorney with Reminger. Patrick has

served as statutory agent for AMI; and Reminger and Patrick have provided AMI with general counsel services and legal advice related to transactional and business matters and litigation defense since 2013. (Amended Counterclaim, ECF DKT #27 at ¶¶ 4-5).

In July of 2020, AMI sold a refurbished tube bending machine (the "Machine") to Custom Performance Engineering, Inc. in South Carolina. However, in January-February of 2021, Custom Performance informed AMI that the Machine was rejected. Custom Performance ultimately filed a state court action against AMI regarding the defective machinery. According to AMI's allegations, Patrick was AMI's attorney in connection with the Custom Performance litigation. (*Id.* at ¶ 5).

As statutory agent, Patrick received a copy of the Custom Performance Complaint and forwarded it to AMI. Then, AMI submitted the lawsuit to its insurance carrier, Liberty Surplus Insurance Corp., through Michael A. Santoli Insurance Agency, LLC. Liberty Surplus opened a claims file and an investigation; and allegedly obtained an extension of time to respond to the South Carolina Complaint until August 9, 2021.

On August 3, 2021, Liberty informed AMI that it was declining coverage. (*Id.* at ¶ 56). AMI copied Patrick on an email to Liberty after learning that coverage was declined. (*Id.* at ¶ 60). Reminger and Patrick did not respond, but they reviewed AMI's communication and billed AMI for this time. (*Id.* at ¶¶ 15, 68, 145).

Having never been notified about the deadline to answer or otherwise respond to the Custom Performance Complaint, AMI failed to make a timely response by the August 9, 2021 deadline. (*Id.* at ¶ 69). Custom Performance filed a Motion for an Entry of Default and default was entered against AMI on August 18, 2021. (*Id.* at ¶¶ 70-71).

Reminger and Patrick secured local counsel for AMI in South Carolina on August 24, 2021. (*Id*. at ¶¶ 70-72). Attempts to set aside the entry of default were unsuccessful and judgment was entered against AMI for $400,000.00. (*Id*. at ¶¶ 78-79, ¶ 85). AMI was forced to file an appeal.

AMI brings Counterclaims against Patrick for Legal Malpractice and against Reminger for Vicarious Liability for Malpractice. AMI also asserts claims for Negligence and Unjust Enrichment.

AMI alleges that Patrick breached the duty owed to his client AMI by failing to confer with Liberty or Santoli regarding the deadline to respond to the South Carolina Complaint; failing to confer with Custom Performance's counsel regarding the deadline to respond; failing to consult the South Carolina docket or contact the South Carolina Clerk of Courts regarding the deadline to respond; failing to advise AMI of the impending default and its consequences; failing to timely answer or otherwise respond to the South Carolina Complaint; and failing to ascertain that an entry of default or motion for default judgment had been filed in the South Carolina case.

Counterclaim-Defendant Patrick moves for dismissal of Counterclaim-Plaintiff's Amended Counterclaim for failure to state a cause of action upon which relief can be granted. Patrick received and forwarded the Custom Performance Complaint in his role as statutory agent only. AMI (through its President Reginald Wyman) did not retain Patrick's services until after coverage was declined. In fact, in an August 20, 2021 email to Patrick (two days after default was entered), Wyman wrote: "I need to formally engage you to represent us in this case. At a minimum, I think we need to communicate with the court and/or the plaintiff

as soon as possible." (ECF DKT #34-3).

Patrick contends that he did not breach the duties outlined in AMI's Amended Counterclaim because they fall outside the scope of their agreement for legal representation. Thus, Patrick argues that he is not liable for Legal Malpractice and Reminger bears no Vicarious Liability for Malpractice as to AMI.

## II. LAW AND ANALYSIS

**Fed.R.Civ.P. 12(b)(6) Standard of Review**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679.

However, "where the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged – but has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.*

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

**Legal Malpractice**

Under Ohio law, to state a claim for legal malpractice a plaintiff must satisfy the following elements: "(1) an attorney-client relationship, (2) professional duty arising from that relationship, (3) breach of that duty, (4) proximate cause and (5) damages." *Antioch Litigation Trust v. McDermott Will & Emery LLP*, 738 F. Supp. 2d 758, 764 (S.D. Ohio 2010), citing *Shoemaker v. Gindlesberger*, 118 Ohio St.3d 226, 228, 887 N.E.2d 1167 (2008).

In a subsequent decision, the Ohio Supreme Court reiterated the prerequisites for a legal malpractice claim: "To establish a cause of action for legal malpractice, a claimant must demonstrate the existence of an attorney-client relationship giving rise to a duty, a breach of that duty, and damages proximately caused by that breach." *New Destiny Treatment Ctr., Inc. v. Wheeler,* 129 Ohio St.3d 39, ¶25, 950 N.E.2d 157 (2011).

In the Amended Counterclaim (ECF DKT #27), AMI alleges that John Patrick and Reminger represented AMI in transactional matters and business litigation defense since 2013. AMI alleges that Patrick and Reminger failed to fulfill its obligations with regard to the Custom Performance lawsuit in South Carolina. AMI alleges that Patrick and Reminger

billed for services related to the Custom Performance matter and that AMI paid those invoices. AMI alleges that it suffered damages in the form of a substantial default judgment award because of Patrick's and Reminger's breach of professional duties.

Patrick insists that he acted solely in his role as AMI's statutory agent; and that AMI did not retain him or his firm for the Custom Performance litigation until after default was entered against the company. On the other hand, AMI"s allegations recite that Patrick and Reminger were the company's attorneys since 2013, and specifically for the South Carolina dispute. Both parties cite the identical caselaw for scope of legal representation:

> An attorney's duty to his or her client exists in relation to the scope of representation sought by the client and undertaken by the attorney. *Advanced Analytics Labs., Inc. v. Kegler, Brown, Hill and Ritter, L.P.A.*, 148 Ohio App.3d 440, 2002-Ohio-3328, 773 N.E.2d 1081, ¶ 34.

The scope of the attorney-client relationship cannot be determined without discovery, particularly deposition testimony of the principals or document production of a retainer agreement, if one exists. AMI alleges that Patrick and Reminger billed and accepted fee payments. These invoices were for what legal services, and for what time frame?

Construing the Amended Counterclaim in the light most favorable to Counterclaim-Plaintiff, accepting its allegations as true, and drawing all reasonable inferences in AMI's favor, the Court holds that the Amended Counterclaim sufficiently states Legal Malpractice and related claims against Counterclaim-Defendants Patrick and Reminger.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #34) of Defendants Reminger Co., L.P.A. and John Patrick, Esq. to Dismiss Amended Counterclaims of AM Industrial Group, LLC. is denied.

**IT IS SO ORDERED.**

**DATE: October 19, 2022**

                                           **s/Christopher A. Boyko**
                                           **CHRISTOPHER A. BOYKO**
                                           **Senior United States District Judge**