# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LIBERTY SURPLUS INSURANCE,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>AM. INDUSTRIAL GROUP, LLC, et. al.,<br><br>    Defendant, Counterclaim Plaintiff and Third-Party Plaintiff. | Case No.: 1:22-CV-259-CAB<br>Judge: Christopher A. Boyko<br><br>**REMINGER CO., L.P.A. AND JOHN PATRICK, ESQ'S MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Reminger Co., L.P.A. ("Reminger") and John Patrick, Esq. (Mr. Patrick)(collectively, "Defendants") respectfully move for summary judgment on the counter claims asserted by Third-Party Plaintiff AM. Industrial Group, LLC. ("Third-Party Plaintiff"). Third-Party Plaintiff asserts a legal malpractice claim against Mr. Patrick and vicarious liability, negligence, and unjust enrichment claims against Defendants collectively under Ohio law. Summary judgment is appropriate on both claims because "there is no genuine dispute as to any material fact and [Defendants] are entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

Third-Party Plaintiff has failed to both provide a genuine dispute of material fact and failed to prove its case within the case. Reminger and Mr. Patrick were not engaged for the underlying matter at issue until **after** default judgment was entered—per the express writing of Third-Party Plaintiff. Further, as to the underlying matter, Third-Party Plaintiff reportedly provided unusable and broken equipment to Custom Performance Engineering, Inc. ("Custom Performance"), the

entity that prevailed on default in South Carolina. Even still, the underlying matter remains on appeal, so the asserted damages remain in question.

This Motion is supported by the attached Memorandum in Support with all references and exhibits identified therein.

                              Respectfully submitted,

                              */s/ Ryan Rubin*
                              Ryan K. Rubin (0077367)
                              Ryan.Rubin@lewisbrisbois.com
                              LEWIS BRISBOIS BISGAARD & SMITH LLP
                              1375 E. 9th Street, Suite 2250
                              Cleveland, Ohio 44114
                              Tel. 216.344.9422
                              Fax 216.344.9421
                              One of the Attorneys for Defendants Reminger
                              Co., L.P.A., and John Patrick, Esq.

# **TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | Summary of the Argument……………………………………………….. | 5 |
| II. | Facts…………………………………………………………………………. | 7 |
| | A. Statutory Agent Relationship Is Not Engagement As Counsel………………… | 7 |
| | B. Third-Party Plaintiff Believed Its Insurance Company Was Handling………… | 8 |
| | C. Third-Party Plaintiff Did Not Intend To Create An Attorney Client Relationship With Defendants For the Underlying Matter Until August 20, 2021, Days After Entry of Default……………………………………………………………… | 9 |
| III. | Law and Argument…………………………………………………….. | 9 |
| | A. Standard of Review……………………………………………………… | 9 |
| | B. Third-Party Plaintiff's Malpractice and Negligence Claims Fail………….. | 10 |
| | C. Third-Party Plaintiff's Vicarious Liability Claims Fail As A Matter Of Law | 14 |
| | D. Third-Party Plaintiff's Unjust Enrichment Claims Fail As A Matter Of Law | 15 |
| | E. Failure To Prove The Case Within The Case ………………………………. | 16 |
| IV. | Conclusion…………………………………………………………………… | 18 |

3

# **TABLE OF AUTHORITIES**

**Cases**

*Advance Analytics Laboratories, Inc. v. Kegler, Brown, Hill & Ritter Co., L.P.A.*,
148 Ohio App.3d 440 (Ohio 10th Dist. 2002)……………………………………… 6, 11

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242(1986)………………………………………………………………… 10

*Ask Chems., LP v. Comput Packages, Inc.*,
593 Fed. Appx. 506 (6th Cir. 2014)……………………………………………….. 10

*Badgett v. Schulman*,
2018 U.S. App. LEXIS 33443 (6th Cir. Nov. 28, 2018)…………………………….. 6, 8

*Brautigam v. Damon*,
697 F. App'x 844 (6th Cir. 2017)……………………………………………............ 14, 15

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)………………………………………………………………... 10

*Gray v. Strip*,
57 F. App'x 251 (6th Cir. 2003)…………………………………………………… 17

*Hustler Cincinnati, Inc. v. Cambria*,
625 F. App'x 712 (6th Cir. 2015)………………………………………………….. 11, 12

*Kevelighan v. Orlans Assocs., P.C.*,
498 F. App'x 469 (6th Cir. 2012)…………………………………………………… 15, 16

*Mann v. Clunk*,
2006 Ohio 1395 (Ohio 5th Dist. 2006)……………………………………………… 6, 11

*MISC Berhad v. Advanced Polymer Coatings, Inc.*,
101 F.Supp. 3d 731 (N.D. Ohio 2015)……………………………………………… 10

*Nat'l Union Fire Ins. Co. v. Wuerth*,
349 Fed. Appx. 983 (6th Cir. 2009)………………………………………………… 14

*Reeves v. Sanderson Plumbing Prods., Inc.*,
530 U.S. 133 (2000)………………………………………………………………… 10

*Svaldi v. Holmes*,
2012-Ohio-6161, 986 N.E.2d 443 (Ohio 10th Dist. 2012)…………………………. 6, 11

**Statutes and Rules**
Rules of Civil Procedure, Rule 56(a)………………………………………………….. 9
South Carolina Civil Rule 12………………………………………………………….. 5

**Other Authorities**
https://www.ohiosos.gov/businesses/information-on-starting-and-maintaining-a-business/frequently-asked-questions/#agents............................................................... 7, 13

**MEMORANDUM IN SUPPORT**

I.  SUMMARY OF THE ARGUMENT

Mr. Patrick and Reminger were never retained as counsel for the South Carolina matter until **after** Default Judgment was entered. The underlying action was filed in South Carolina and served on June 9, 2021. The Complaint was promptly delivered via non-party Reminger Service Company, Inc. (statutory agent) to Third-Party Plaintiff who in turn provided the same to its insurance agent, co-defendant, Michael A. Santoli Insurance Agency, LLC ("Santoli") and insurance carrier, Liberty Surplus Insurance Company ("Liberty").

From the June 9, 2021 service, South Carolina Civil Rule 12 provides 30 days to answer or respond to a complaint. Neither Reminger, nor Mr. Patrick were advised of any extension of time secured by Liberty to respond to the Complaint prior to the entry of default. Neither Reminger, nor Mr. Patrick were engaged to handle or have involvement in the South Carolina lawsuit until August 20, 2021, **two days after the August 18, 2021 entry of default**.

Mr. Patrick is not a litigator, not admitted to practice in South Carolina, did not bill anything on the litigation in South Carolina, and was told by Third-Party Plaintiff that the Complaint was in the hands of the insurance company. Reminger and Mr. Patrick initially received the Complaint for the underlying matter simply because non-party Reminger Service Company, Inc. was the service company for Third-Party Plaintiff.

Third-Party Plaintiff's claims against Mr. Patrick and Reminger are unsupported by both law and fact. Third-Party Plaintiff brings this suit for alleged malpractice, negligence, vicarious liability and unjust enrichment of Defendants. Third-Party Plaintiff's claims fail because Reminger Co., L.P.A. and Mr. Patrick were not engaged as *counsel* for the South Carolina lawsuit until August 20, 2021. Prior to August 20, 2021, Mr. Patrick and Reminger Service Company, not

5

Reminger Co., L.P.A, received service of the South Carolina Complaint filed by Custom Performance and successfully completed their role as *statutory agent* by forwarding the same to Third-Party Plaintiff. Third-Party Plaintiff has not provided any expert testimony demonstrating the role of statutory agent is synonymous with the role of an attorney. *Badgett v. Schulman*, No. 17-3331, 2018 U.S. App. LEXIS 33443, at *1 (6th Cir. Nov. 28, 2018).

The law in Ohio is well settled that an attorney's duty to his or her client exists in relation to the scope of representation sought by the client and undertaken by the attorney. *See Advance Analytics Laboratories, Inc. v. Kegler, Brown, Hill & Ritter Co., L.P.A.*, 148 Ohio App.3d 440, at ¶34; *Svaldi v. Holmes*, 2012-Ohio-6161, at ¶18. Thus, a lawyer has no duty to pursue a claim on behalf of a client when the claim was beyond the scope of the representation. *Mann v. Clunk*, 5th Dist. No. 2005, 00210, 2006 Ohio 1395 at ¶13; *Svaldi*, at ¶18.

The facts demonstrate that after the answer should have been due excluding any extensions, after the insurer denied coverage, and two days after the entry of default was entered did Mr. Wyman of Third-Party Plaintiff request formal engagement of Reminger and Mr. Patrick. Reminger and Mr. Patrick had no duty to pursue the claim absent a formal request by the client for representation/engagement.

Further, Third-Party Plaintiff has entirely failed to demonstrate damages by failing to establish the case within the case and as it still has an appeal pending in South Carolina that may certainly reverse the entry of default.

There is no genuine dispute of material fact in this matter that would allow Third-Party Plaintiff to survive summary judgment by these moving Defendants. Reminger and Mr. Patrick are entitled to judgment in their favor as a matter of law on all causes of action directed against these moving Defendants.

## II. FACTS

### A. Statutory Agent Relationship Is Not Engagement As Counsel.

Mr. Patrick and Reminger were never retained as counsel until after the August 18, 2021 entry of default. (*See* Exhibit A – August 20, 2021 Email from Mr. Wyman to Mr. Patrick). Mr. Patrick is not a litigator, not admitted to practice in South Carolina, did not bill anything to the matter, and was told the Complaint was in the hands of the insurance company. (*See* Exhibit C – Deposition of Mr. Patrick at Pages 40, 115, and 134). Despite this, in the legal malpractice claim against Mr. Patrick, Third-Party Plaintiff alleges that it retained Mr. Patrick relative to various matters, including "the defense of the South Carolina Complaint" (Counterclaim ¶ 143) and cites 10 years of general retention. However, this "10 year retention" was not as legal counsel for Third-Party Plaintiff's legal counsel, but rather as a statutory agent.[1] As the statutory agent, Mr. Patrick through Reminger Service Company receives notice of lawsuits and passes that notice on to Third-Party Plaintiff via their insurance carrier and agent. (*See* Exhibit C – Deposition of Mr. Patrick at Page 38-39). There were a small handful of cases that Reminger worked on for Third-Party Plaintiff through separate engagement.

At bar, the South Carolina Complaint was sent to Reminger Service Company and received by an assistant at Reminger. *Id.* The South Carolina Complaint was then given to Mr. Patrick, who is employed not as a litigator but rather works transactionally, including but not limited to assisting 800 companies as a statutory agent. (*See* Exhibit C – Deposition of Mr. Patrick at Page 40 and

---

[1] Under Ohio Law, according to the secretary of state website, all businesses must have a statutory agent. However, no statutory agent needs to be an attorney. In fact, the only requirements are: "The statutory agent must be one of the following: (1) A natural person who is a resident of this state; or (2) A domestic or foreign corporation, nonprofit corporation, limited liability company, partnership, limited partnership, limited liability partnership, limited partnership association, professional association, business trust, or unincorporated nonprofit association that has a business address in this state. If the agent is a business entity then the agent must meet the requirements of Title XVII of the Revised Code to transact business or exercise privileges in Ohio." https://www.ohiosos.gov/businesses/information-on-starting-and-maintaining-a-business/frequently-asked-questions/#agents

Page 115). Mr. Patrick has never before calculated Third-Party Plaintiff's Answer deadlines or even communicated Answer deadlines. (*See* Deposition of Mr. Patrick at Page 117). As he always does and did, the Complaint was properly forwarded to Third-Party Plaintiff on June 14, 2021. (*See* Exhibit C – Deposition of Mr. Patrick at Page 132 and Exhibit D – June 14 email from Mr. Patrick to Mr. Wyman with attachments). In the June 14, 2021 email, the attached letterhead from Attorney Adam C. Bach is addressed to Reminger Service Company, Inc., and says:

> "Enclosed for service upon you as **registered agent for AM Industrial Group, LLC.,** is a summons and complaint in the above referenced matter. Please forward a copy to your insurance company and/or **lawyer** for handling as a **strict time limit is in effect for you to respond.**"

(Emphasis added); (*See* Exhibit D – June 14, 2021 Email from Mr. Patrick to Mr. Wyman with attachments.) Fulfillment of duties as statutory agent does not create an attorney client relationship for handling of this underlying matter in South Carolina and Third-Party Plaintiff has not provided any expert testimony to the contrary as was their burden. *Badgett v. Schulman*, No. 17-3331, 2018 U.S. App. LEXIS 33443, at *1 (6th Cir. Nov. 28, 2018).

### B. Third-Party Plaintiff Believed Its Insurance Company Was Handling.

Mr. Wyman, the current president of AM Industrial Group, received the email regarding service of the Complaint and its attachments in relation to the new matter in South Carolina, understood it was a Complaint, understood he needed to obtain counsel, understood Complaints need answered, and was aware that Mr. Patrick and Reminger Co., L.P.A. were not counsel for this matter. (*See* Exhibit E – Deposition of Mr. Wyman at Page 61). Mr. Wyman learned from the email and attachment when the answer to the South Carolina Complaint was due. (*See* Exhibit E – Deposition of Mr. Wyman at Page 61, 62 and 153 and Exhibit D – June 14 email from Mr. Patrick to Mr. Wyman with attachments). Mr. Wyman admits that on June 21, 2021, Third-Party Plaintiff instructed Mr. Patrick "I forwarded this to my insurance and it is in their court at this

time." Exhibit E at 153: 1-7.

Third-Party Plaintiff told Mr. Patrick the matter was to be handled by insurance and Mr. Patrick and Reminger were not needed; in fact, Mr. Patrick has never been retained as a litigator by Third-Party Plaintiff throughout his tenure. (*See* Exhibit C – Deposition of Mr. Patrick at Pages 40, 115 and 134). Mr. Patrick "wasn't engaged … [he] was not requested to provide services." (*See* Exhibit C – Deposition of Mr. Patrick at Page 181, Lines 23 – 24).

### C. **Third-Party Plaintiff Did Not Intend To Create An Attorney Client Relationship With Defendants For the Underlying Matter Until August 20, 2021, Days After Entry of Default.**

The first time engagement of Mr. Patrick was sought specific to the underlying matter in South Carolina was on August 20, 2021, via email, when Mr. Wyman said:

> "As you know they originally sent the Complaint to your address. You forwarded to us and then **we tried to get our insurance to defend us**. I believe our insurance people requested additional time to review, etc. **At this point, they have officially denied coverage for this particular case. I need to formally engage you to represent us in this case**."

(Emphasis added); (*See* Exhibit A – August 20, 2021 Email from Mr. Wyman to Mr. Patrick). The August 20, 2021 email came **two days after the entry of default**, and only after their original requested defense was denied. *Id.* The August 20, 2021 was the first time Mr. Patrick was ever requested to engage in the underlying matter and was the first time Mr. Wyman intended to engage him. *Id.*

## IV. LAW AND ARGUMENT

### A. **Standard of Review.**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Defendants, as the movant, has the burden of proving that there are no genuine issues of material

9

fact. *Celotex Corp.* v. *Catrett,* 477 U.S. 317, 322-23 (1986). This Court evaluates the evidence in the light most favorable to Plaintiff when reviewing Defendant's motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133 (2000). However, the mere scintilla of evidence supporting Plaintiff is not sufficient; there must be evidence on which a jury could reasonably find for Plaintiff in order to deny Defendants' motion. *Anderson* v. *Liberty Lobby, Inc., ML* U.S. 242, 251 (1986).

Based on this Motion, Defendant has satisfied its initial burden by "identifying those parts of the record which demonstrate the absence of any genuine issue of material fact." *Lindsey v. Whirlpool Corp.,* 295 Fed. Appx. 758, 764 (6th Cir. 2008). The burden now shifts to Plaintiff who has the burden to "point to evidence that demonstrates that there is a genuine dispute of material fact for trial." *Ask Chems., LP* v. *Comput Packages, Inc.,* 593 Fed. Appx. 506, 508 (6th Cir. 2014). "[TJhe nonmoving party may not simply rely on its pleading, but must 'produce evidence that results in a conflict of material fact to be solved by a jury.'" *MISC Berhad* v. *Advanced Polymer Coatings, Inc.,* 101 F.Supp. 3d 731, 736 (N.D. Ohio 2015).

### B. Third-Party Plaintiff's Malpractice and Negligence Claims Fail.

Third-Party Plaintiff's pursue legal malpractice and negligence against Defendants. (ECF# 27 Page 31). This claim is based on Third-Party Plaintiff's allegation that Defendants, "owed a legal duty to AMI in performing their legal services to exercise the degree of skill and care normally applied by members of the legal profession in similar circumstances." *Id.* Further, "[b]ut for Patrick's and Reminger's failure to adequately and prudently represent AMI's interests with respect to the South Carolina Complaint, AMI's rights to defend itself against the South Carolina Complaint would not have been impaired and no default judgment or subsequent damages award would have been entered against AMI." (ECF# 27 Page 33). As set forth below, Third-Party Plaintiff's allegation is false and summary judgment should be entered on behalf of Defendants.

10

To establish a prima facie case of legal malpractice / negligence, Plaintiff must show: "(1) an attorney-client relationship, (2) a professional duty arising from the relationship, (3) breach of the duty, (4) proximate cause, and (5) damages. *Hustler Cincinnati, Inc. v. Cambria*, 625 F. App'x 712, 715 (6th Cir. 2015); citing *Shoemaker v. Gindlesberger*, 118 Ohio St. 3d 226, 2008 Ohio 2012, 887 N.E.2d 1167, 1169-70 (Ohio 2008).

Mr. Patrick and Reminger were not requested to engage on the underlying matter in South Carolina until August 20, 2021. (See Exhibit A – August 20, 2021 Email from Mr. Wyman to Mr. Patrick). In *Hustler v. Cincinnati, Inc., v. Cambria*, the plaintiff therein tired to assert an attorney client relationship between himself and his former attorney on a separate matter. *Hustler Cincinnati, Inc. v. Cambria*, 625 F. App'x 712, 715 (6th Cir. 2015). Specifically, the plaintiff announced the defendant therein was corporate counsel, but did not indicate that the firm or the attorney represented the specific legal matter at hand. *Id.* at 716. As a result, the court found no express attorney-client relationship existed between the two and affirmed the lower courts grant of summary judgment.

Additionally, it is well settled that an attorney's duty to his or her client exists in relation to the scope of representation sought by the client and undertaken by the attorney. *See Advance Analytics Laboratories, Inc. v. Kegler, Brown, Hill & Ritter Co., L.P.A.*, 148 Ohio App.3d 440, at ¶34; *Svaldi v. Holmes*, 2012-Ohio-6161, at ¶18. Thus, a lawyer has no duty to pursue a claim on behalf of a client when the claim was beyond the scope of the representation. *Mann v. Clunk*, 5th Dist. No. 2005, 00210, 2006 Ohio 1395 at ¶13; *Svaldi*, at ¶18. Third-Party Plaintiff's own expert on the duty owed notes in the relationship between Mr. Patrick and Third-Party Plaintiff did not arise until August 23, 2021. (*See* Exhibit F – Third-Party Plaintiff's Expert Report). Moreover, it does not explain how Mr. Patrick's role as a statutory agent created an attorney client relationship. *Id.*

At bar, while Mr. Patrick has assisted Third-Party Plaintiff over the years, he was

11

specifically instructed that this matter was in the hands of others. Engagement was not specifically pursued until days after default was entered. Mr. Wyman's email on August 20, 2021, requesting to formally retain Reminger/Mr. Patrick is fatal to Third-Party Plaintiff's case. (*See* Exhibit A – August 20, 2021 Email from Mr. Wyman to Mr. Patrick).

Third-Party Plaintiff had no belief or impression that Reminger or Mr. Patrick were operating as their attorneys on the underlying matter in South Carolina prior to August 20, 2021 given the content of the August 20, 2021 email. (*See* Exhibit A – August 20, 2021 Email from Mr. Wyman to Mr. Patrick).

"[T]he determination of whether an attorney-client relationship was created turns largely on the reasonable belief of the prospective client." *Hustler Cincinnati, Inc.*, 625 F. App'x 712, 716 (6th Cir. 2015); citing *Hardiman*, 798 N.E.2d at 373. See *also Sayyah v. Cutrell*, 143 Ohio App. 3d 102, 757 N.E.2d 779, 786 (Ohio Ct. App. 2001); *Landis v. Hunt*, 80 Ohio App. 3d 662, 610 N.E.2d 554, 558 (Ohio Ct. App. 1992); *David v. Schwarzwald, Robiner, Wolf & Rock Co.*, 79 Ohio App. 3d 786, 607 N.E.2d 1173, 1180 (Ohio Ct. App. 1992).

"The bar for proving an implied attorney-client relationship is high. Innuendos and insinuations do not suffice to form such a bond; the parties must point to 'the manifest intentions of the attorney and the prospective client.'" *Hustler Cincinnati, Inc.,* 625 F. App'x 712, 716 (6th Cir. 2015); citing *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St. 3d 39, 2011 Ohio 2266, 950 N.E.2d 157, 162 (Ohio 2011) (emphasis added). In this sense, the term "implied attorney-client relationship" is a misnomer. *Hustler Cincinnati, Inc.*, 625 F. App'x 712, 716 (6th Cir. 2015). The relationship is implied only in the sense that it does not emerge from a formal contract; it comes from the parties' less formal—yet still manifest—expectations. *Id.*

In this matter, there was no formal contract for the underlying matter prior to default and

Third-Party Plaintiff did not even request engagement prior to default. Reminger and Mr. Patrick did not bill on the pending matter in South Carolina, do not have a license in South Carolina, and do not have an office in South Carolina. Defendants only involvement was as a statutory agent prior to the entry of default judgment. (*See* Exhibit C – Deposition of Mr. Patrick at Page 38-39). While Defendants are a law firm and an attorney, their role as a statutory agent is clearly different than the responsibility they would have had as counsel. A statutory agent does not even need to be an attorney; any 18 year old in the United States or business can be a statutory agent without any specialized knowledge.[2] Mr. Patrick and Reminger had no involvement in the pending matter in South Carolina prior to default—beyond the services as statutory agent. Third-Party Plaintiff is not critical of and has not sued Reminger Service Company, Inc.

Most importantly, the manifested expectation of Third-Party Plaintiff was that Defendants were not engaged until after default. No person would send an email requesting to "formerly retain" an attorney if it believed it had already done so. (*See* Exhibit A – August 20, 2021 Email from Mr. Wyman to Mr. Patrick). Furter still, when asked if he was even talking with Mr. Patrick about the lawsuit, Mr. Wyman said:

> **Q:** Do you recall any conversations with John about what's going on with the Custom Performance matter?
> **A:** I don't. So I didn't reach out to him, he didn't reach out to me. So he knew that this happened on this date. And yes, I said it's in their [(Liberty's)] court at this time. **And I believed that to be the case**. I turned it over to them; they gave me a claim number and said they would follow up with me, with the extension.

---

[2] Under Ohio Law, according to the secretary of state website, all businesses must have a statutory agent. However, no statutory agent needs to be an attorney. In fact, the only requirements are: "The statutory agent must be one of the following: (1) A natural person who is a resident of this state; or (2) A domestic or foreign corporation, nonprofit corporation, limited liability company, partnership, limited partnership, limited liability partnership, limited partnership association, professional association, business trust, or unincorporated nonprofit association that has a business address in this state. If the agent is a business entity then the agent must meet the requirements of Title XVII of the Revised Code to transact business or exercise privileges in Ohio."
https://www.ohiosos.gov/businesses/information-on-starting-and-maintaining-a-business/frequently-asked-questions/#agents

(*See* Exhibit B – Deposition of Mr. Wyman at Page 156, Lines 12 – 21).

Third-Party Plaintiff believed and relied on its insurer, not Defendants. Therefore, Third-Party Plaintiff fails to establish an attorney client relationship between Defendants and itself by way of implication prior to August 20, 2021. As a result, summary judgment must be granted in favor of Defendants as to legal malpractice and negligence.

### C. Third-Party Plaintiff's Vicarious Liability Claims Fail As A Matter Of Law.

Defendants cannot be vicariously liable for malpractice which never occurred. In *Nat'l Union Fire Ins. Co. v. Wuerth*, where a court reviewed the grant of summary judgment in favor of a law firm and a lawyer, the Sixth Circuit held, "a law firm does not engage in the practice of law and therefore cannot commit legal malpractice directly and that a law firm is not vicariously liable for legal malpractice unless one of its principals or associates is liable for legal malpractice." *Nat'l Union Fire Ins. Co. v. Wuerth*, 349 F. App'x 983, 983 (6th Cir. 2009).

It is impossible to substantiate a malpractice claim in the absence of an attorney client relationship. In *Brautigam v. Damon*, the plaintiff at least advanced evidence that the firm the attorney worked for represented him, but like Third-Party Plaintiff, failed to establish that the specific firm and attorney represented him on the specific matter. *Brautigam v. Damon*, 697 F. App'x 844, 853 (6th Cir. 2017). As a result, the Sixth Circuit upheld the grant of summary judgment on the legal malpractice claims and the vicarious liability for malpractice claims because:

> Plaintiff has failed to introduce any evidence to demonstrate the existence of an attorney-client relationship with [Defendant]. In support of his position, plaintiff relies on: (1) his deposition testimony that he hired and was represented by the firm; (2) a contingency fee agreement which plaintiff concededly never signed pursuant to which [another attorney] purportedly agreed to take plaintiff's case "on behalf of [the firm]"; and (3) the inclusion of the firm's name on pleadings filed in the state court case . . . . This evidence is not material to the question of whether [the named defendant attorney] as an individual member of the [] law firm represented plaintiff and had an attorney-client relationship with him. Plaintiff has not introduced any

14

> other evidence to show that [the named defendant attorney] represented him in the [litigation at issue]. Thus, plaintiff has failed to carry his burden on summary judgment to produce sufficient evidence to permit a reasonable factfinder to conclude he had an attorney-client relationship with [the named defendant attorney]. Plaintiff cannot prevail on his legal malpractice claim against [the named defendant attorney] under a direct theory of liability.
>
> Nor can plaintiff hold [the named defendant attorney] liable for any legal malpractice committed by [another attorney] under a theory of vicarious liability or respondeat superior. Under this theory of liability, an employer is vicariously or secondarily liable for the negligence of its employee, whose liability is primary. [citations omitted]

*Brautigam v. Damon*, 697 F. App'x 844, 853 (6th Cir. 2017).

Third-Party Plaintiff cannot credibly advance facts that overcome the express email from Third-Party Plaintiff regarding retention after default. Specific to the underlying matter, Reminger and Mr. Patrick were not counsel. There are no complaints as to adequacy of services provided by non-party, Reminger Service Company, Inc. The underlying matter filed in South Carolina was reportedly in the hands of the carrier, Liberty and the insurance broker Santoli. Reminger and Mr. Patrick were not updated as to extensions of time to answer or retention of counsel. Engagement was after default, and at that time, counsel in South Carolina was swiftly engaged by Third-Party Plaintiff. Reminger is not liable for the malfeasance of Mr. Patrick when Mr. Patrick and Reminger were not in an attorney client relationship and could not breach any duty to it. As a result, summary judgment must be granted in favor of these moving Defendants.

### D. **Third-Party Plaintiff's Unjust Enrichment Claims Fail As A Matter Of Law.**

Defendants were not enriched in any way. It is well established under the law in the Sixth Circuit and in Ohio that the actual receipt of a benefit is required to suffice an unjust enrichment claim. Third-Party Plaintiff has demonstrated zero enrichment to Mr. Patrick or Reminger. In *Kevelighan v. Orlans Assocs., P.C,* the court upheld the dismissal of an action for unjust enrichment where the attorneys were never actually paid fees for the matter they represented clients

15

in; "the District Court observed that because the Kevelighans and Comptons never reinstated, and therefore never paid the disputed attorneys' fees, no Defendant received any benefit for purposes of unjust enrichment. Although Plaintiffs argue otherwise, it is well established that receipt of a benefit by the defendant is an essential element of unjust enrichment." *Kevelighan v. Orlans Assocs., P.C.*, 498 F. App'x 469, 476 (6th Cir. 2012).

Even stronger, at bar no fees whatsoever were paid. In Mr. Wyman's deposition he confirmed, no agreement to pay or payment was ever rendered:

> **Q**: Is there any agreement between AMI and John Patrick that he is going to act or he acted as AMI's general counsel?
> **A**: I'm not aware of a formal document that states that.
> **Q**: Did AMI pay John Patrick any salary or send some sum of money to perform services as a general counsel?
> **A**: I don't believe so.

(*See* Exhibit B – Deposition of Mr. Wyman, Page 136, Lines 15 – 23).

Defendants received no benefit from the South Carolina Complaint matter. Rather, Defendants were engaged after default was entered and separate counsel practicing in South Carolina was engaged by Third-Party Plaintiff. As a result, Third-Party Plaintiff's claim for unjust enrichment must fail as a matter of law. Therefore, Summary Judgment must be granted on behalf of Defendants.

### E. Failure To Prove The Case Within The Case And Lack of Damages

Third-Party Plaintiff has not proven any likelihood of success in the underlying action. Third-Party Plaintiff cannot fulfill the prima facie elements of its claim against these moving Defendants. As cited above, in order to establish a legal malpractice claim under Ohio law, a plaintiff must prove the following three elements: (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the

16

conduct complained of and the resulting damage or loss. Although the plaintiff may be required to provide some evidence of the merits of the underlying claim, the plaintiff is not required to prove, in every instance, that he or she would have been successful in the underlying matter. *Gray v. Strip*, 57 F. App'x 251, 252 (6th Cir. 2003). In *Gray*, where the court found the plaintiff had sufficed the first two elements, it granted summary judgment on behalf of the Defendants because of the plaintiff's total failure to present sufficient evidence to establish a causal connection between her damages and the defendants breach of duty; specifically, that plaintiff's claim and defense to a counter-claim had any merit. *Id*.

At bar, Third-Party Plaintiff has not proven any of the merits of its underlying claim; therefore, its legal malpractice claim should fail as it cannot say that but for Defendants it would have had a different or better outcome. Mr. Rumore of Custom Performance testified that the equipment supplied by Third-Party Plaintiff was not functional for its intended use and broken, thus resulting in the lawsuit:

> **Q**. Did Custom Performance attempt to operate that machine after it was delivered?
> **A**. No.
> **Q**. Why not?
> **A**. Because we noticed the damage.
> **Q**. So you could tell by looking at it that the machine was damaged?
> **A**. Yes. I believe there was components that were on the floor.
> (*See* Exhibit G – Deposition Testimony of Mr. Rumore Page 102, Lines 12 -18)
>
> **A.** …it was not usable because of wrinkling, and when I was in Mr. Brett's office, we discussed that image that he saw of the two and three-quarter inch material, and he himself said, "That is unacceptable."
> **Q.** What else was discussed?
> **A.** The fact of what we were going to do to rectify this, and then basically a small situation in the same nutshell, as far as the thing not performing as intended to and, as we were told, like new. (124)
>
> (*See* Exhibit G – Deposition Testimony of Mr. Rumore Page 124, Lines 7 - 13 )

Custom Performance listed issues with the equipment including:

17

- Facial Deformities
- Broken Runout on the Actuator
- Broken Rotary Actuator
- Bearings Needed Replacement
- Bender Service
- 161 hours and $2783 in material wasted – a value which is now higher because the machine was never replaced or fixed.
- Broken Safety Scanner
- Broken Hydraulic Filter
- Incorrect Pressure Calibration
- Missing Pressure Die
- Missing Wiper Die Clamp
- No Bend Pro Training as promised.

(*See* Exhibit G – Deposition Testimony of Mr. Rumore Pages 184 - 187).

As a result of the machines failure to operate at the capacity it was supposed to, Custom Performance, the purchaser of Third-Party Plaintiff's product, was reportedly not able to fulfill numerous customer orders. (*See* Exhibit G – Deposition Testimony of Mr. Rumore Page 162-163).

Separate and apart from the aforementioned, Third-Party Plaintiff continues to pursue its appeal. Therefore, the claimed damages remain entirely in question and are certainly not established.

Accordingly, Third-Party Plaintiff's fail to establish that but for Defendants' conduct it would have had an alternative outcome. Third-Party Plaintiff has failed to prove the case within the case. As a result, Summary Judgment must be granted on the legal malpractice and negligence claims in favor of Defendants.

V. **CONCLUSION**

For the reasons stated, Reminger and Mr. Patrick are entitled to judgment in their favor as a matter of law on all causes of action directed against these moving Defendants.

Respectfully submitted

*/s/ Ryan Rubin*
Ryan K. Rubin (0077367)
Ryan.Rubin@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
1375 E. 9th Street, Suite 2250
Cleveland, Ohio 44114
Tel. 216.344.9422 : Fax 216.344.9421
Attorneys for Reminger Co., L.P.A., and John Patrick, Esq.

**CERTIFICATE OF PAGE LENGTH COMPLIANCE**

I hereby certify that this case has been assigned to the Standard Track and the foregoing Motion for Summary Judgment complies with the page limitations set forth in Local Rule 7.1(f).

*/s/ Ryan Rubin*
Ryan K. Rubin (0077367)
LEWIS BRISBOIS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28 day of February, 2023, I electronically filed the foregoing **REMINGER CO., L.P.A. AND JOHN PATRICK, ESQ'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via Pacer. Courtesy copies will also be electronically delivered by undersigned.

*/s/ Ryan Rubin*
Ryan K. Rubin (0077367)
LEWIS BRISBOIS